IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00205-WDM-BNB

LESLIE ROUSSEAU,

Plaintiff,

v.

BANK OF NEW YORK,
BRYAN S. BLUM, Registration No. 34949,
THE LAW FIRM OF CASTLE MEINHOLD & STAWIARSKI, LLC, and
ANNA MARIA PETERS-RUDDICK in her personal capacity,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed her Complaint and Jury Demand on January 31, 2008 [Doc. #3] (the "Complaint"). On February 22, 2008, the district judge ordered the United States Marshal to effect service upon the defendants [Doc. #8]. On April 18, 2008, the United States Marshal filed a Process Receipt and Return [Doc. #19] (the "Return"). The Return indicates that the Marshal was unable to serve defendant Anna Maria Peters-Ruddick because she does not work at the address provided by the plaintiff.

I ordered the plaintiff to show cause on or before May 20, 2008, why the Complaint should not be dismissed as against defendant Peters-Ruddick for failure to prosecute [Doc. #22]. See D.C.COLO.LCivR 41.1. I warned the plaintiff that if no such showing was made, I would enter a recommendation to the district judge that the action be dismissed without prejudice as to defendant Peters-Ruddick for failure to prosecute. The plaintiff did not respond to the Order to Show Cause.

I respectfully RECOMMEND that the action be dismissed without prejudice as to defendant Peters-Ruddick for failure to prosecute.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 22, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge