IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00205-PAB-BNB

LESLIE ROUSSEAU,

Plaintiff,

v.

BANK OF NEW YORK,
BRYAN S. BLUM, Registration No. 34949, and
THE LAW FIRM OF CASTLE MEINHOLD & STAWIARSKI, LLC,

Defendants.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the following motions (the "Motions"):

1. **Defendants Bryan S. Blum and Castle Meinhold & Stawiarski, LLC's Motion to Dismiss Plaintiff's Complaint and Jury Demand** [Doc. #20, filed 05/05/2008] (the "Blum Motion"); and

2. **Defendant Bank of New York's Motion to Dismiss or in the Alternative for Summary Judgment** [Doc. #30, filed 06/13/2008] (the "BNY Motion").

I respectfully RECOMMEND that the Motions be GRANTED.

# I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.[1] Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) are governed by the following standard:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary

---

[1] It is not clear whether the plaintiff is male or female. Defendant Bank of New York refers to the plaintiff as a female [Doc. #20]. Defendants Blum and Castle Meinhold & Stawiarski, LLC, refer to the plaintiff as a male. In the Complaint, the plaintiff states "Plaintiff, Leslie Rousseau who is representing herself in this matter, files her Complaint . . . ." *Complaint*, p. 1. However, in the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. #1], the plaintiff states "I Leslie Rousseau am 70 years of age . . . . My wife is 64 years of age . . . ." I will refer to the plaintiff as a male based on the information provided in the § 1915 Affidavit.

> judgment motion when resolution of the jurisdictional question is
> intertwined with the merits of the case. The jurisdictional question
> is intertwined with the merits of the case if subject matter
> jurisdiction is dependent on the same statute which provides the
> substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed. R. Civ. P., provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 447 U.S. at

3

324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

Affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." Id.

## II. FACTUAL BACKGROUND

1. The plaintiff filed his Complaint and Jury Demand on January 31, 2008 [Doc. #3] (the "Complaint").

2. On February 10, 2000, the plaintiff executed a note for the purpose of borrowing $197,430.00 from Home Mortgage, Inc., to purchase property located at 1100 South Moline Street, Aurora, Colorado, 80012 (the "Property"). *BNY Motion*, Affidavit of Ken Scott, ¶ 4 and Ex. A-1; *Corrected Points and Authorities and Affidavit of Leslie Rousseau in Support of Plaintiff's Reply to BNY's Motion to Dismiss* [Doc. #47] (the "Second Supplemental Response"), Ex. 1.[2]

---

[2]On December 11, 2008, the plaintiff filed a response entitled "Reply to Motion to Dismiss Plaintiff Complain [sic] and Cross-Motion to Consolidate" [Doc. #44] (the "Response"). The Response consists of two brief paragraphs of argument, and it is unclear whether the plaintiff is responding to the Blum Motion, the BNY Motion, or both. On January 12, 2009, without leave of Court, the plaintiff filed 69 pages of documents which appear to be a supplement to the Response [Doc. #46] (the "First Supplemental Response"). On January 28, 2009, again without leave of Court, the plaintiff filed 50 pages of documents which are entitled "Corrected Points and Authorities and Affidavit of Leslie Rousseau in Support of Plaintiff's Reply to BNY's Motion to Dismiss" [Doc. #47] (the "Second Supplemental Response"). These documents appear to be a more orderly submission of the evidence submitted with the First Supplemental Response. Although the First and Second Supplemental Responses were untimely filed without leave of Court, I have considered them in my analysis of the Motions.

3. The loan was secured by a deed of trust in favor of Home Mortgage, Inc., which encumbered title to the property. *BNY Motion*, Affidavit of Ken Scott, ¶ 5; *Second Supplemental Response*, Ex. 2.

4. The Note and Deed of Trust were subsequently transferred to Countywide Home Loans, Inc., on or about March 23, 2000. *BNY Motion*, Affidavit of Ken Scott, ¶ 6; Ex. A-3; Ex. A-1, p. 3.

5. On August 19, 2004, the plaintiff executed an Amended and Restated Note with Countrywide Home Loans, Inc. *BNY Motion*, Affidavit of Ken Scott, ¶ 7 and Ex. A-4; *Second Supplemental Response*, Ex. 3.

6. The defendants assert that the Note was subsequently transferred to Bank of New York as Trustee for Certificate Holders CWABS.II, Inc. Lft 2005-04 ("BNY"). *BNY Motion*, Affidavit of Ken Scott, ¶ 7 and Ex. A-4. p. 2. The plaintiff asserts that he was never given notice of the assignment to BNY; BNY did not produce proof of the assignment until they filed their motion for summary judgment in this action; and BNY foreclosed on the wrong note. *Second Supplemental Response*, Affidavit of Leslie Rousseau in Support of Plaintiff's Reply to BNY's Motion to Dismiss, ¶¶3-8.

7. On October 3, 2007, the Arapahoe County District Court issued an Order Authorizing Sale of the Property after finding that a reasonable probability of default existed. Id. at Ex. A-5. The order was issued "UPON MOTION OF BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS II, INC. LFT 2005-04 FOR AN ORDER AUTHORIZING THE PUBLIC TRUSTEE TO SELL CERTAIN REAL ESTATE UNDER A POWER OF SALE CONTAINED WITHIN A DEED OF TRUST." Id. at Caption.

8. On October 31, 2007, a public auction was held by the public trustee of Arapahoe County, Colorado, and the Property was sold to BNY for $275,139.71. Id. at Ex. A-6.

9. On November 18, 2007, the Arapahoe County District Court issued an order approving the sale. Id. at Ex. A-7.

10. Castle Meinhold & Stawianski, LLC, represented BNY in the foreclosure action. Bryan Blum was an attorney at Castle Meinhold & Stawianski, LLC, who worked on the foreclosure. *Complaint*, ¶ 16.

The plaintiff claims that BNY was not the owner of the debt and, therefore, the foreclosure and any action to enforce payment of the debt was improper. The plaintiff seeks a declaration that the state foreclosure action is invalid, and he seeks an award of damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601, *et seq.,* and the Equal Access to Justice Act.

### III. ANALYSIS

#### A. Declaratory Relief

The plaintiff seeks declaratory relief under 28 U.S.C. § 2201 that the state foreclosure action is invalid and unlawful. *Complaint*, p. 12. The defendants assert that the plaintiff's claim for declaratory relief is barred by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine "operates as a subject-matter jurisdictional bar that may be raised at any time." Guttman v. Khalsa, 401 F.3d 1170, 1173 n.2 (10th Cir. 2005). The defendants' Rooker-Feldman argument presents a factual challenge to this court's subject matter jurisdiction. Under Holt, I do not presume the truth of the factual allegations in the Amended

6

Complaint. Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts. Holt, 46 F.3d at 1003.

The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257 which provides that federal review of state court judgments can be obtained only in the United States Supreme Court. Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280, 291 (2005). The Rooker-Feldman doctrine prohibits a United States district court from considering claims that have been adjudicated in state court and claims that are inextricably intertwined with the prior state-court judgment. Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006). The doctrine "applies only to suits filed after state proceedings are final." Id. at 1032.

As a preliminary matter, 18 U.S.C. § 2201 "does not itself create jurisdiction. It merely adds an additional remedy when the court already has jurisdiction to entertain the suit." Groundhog v. Keeler, 442 F.2d 674, 683 (10th Cir. 1971). Thus, I look to the record to determine if this Court has jurisdiction over the plaintiff's claim for declaratory relief.

The defendants assert, and the plaintiff does not dispute, that the foreclosure action is final. Therefore, the Rooker-Feldman analysis governs the plaintiff's request for declaratory relief. The plaintiff is seeking federal review and rejection of the state foreclosure action, which is precisely the type of action barred by Rooker-Feldman. Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC, 2007 WL 1346591 (D. Colo. May 7, 2007); Rohr v. Home Loans Corp., No. 04-cv-01594, 2005 WL 2027684 (D. Colo. August 22, 2005). See also Exxon, 544 U.S. at 284 (holding that the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those judgments").

I respectfully RECOMMEND that the Motions be GRANTED insofar as they seek dismissal of the plaintiff's claim for declaratory relief as barred by the Rooker-Feldman doctrine.

### B. FDCPA

The plaintiff alleges that the defendants violated the FDCPA because in "attempting to collect the debt, [they] repeatedly falsely represented . . . the legal basis and grounds upon which its action to collect this debt was based." *Complaint*, ¶ 19. Specifically, the plaintiff alleges that the note was never transferred to BNY and, therefore, all attempts to collect the debt for BNY were false and illegal. Id. at ¶¶ 20-25.

The defendants argue that the plaintiff's FDCPA claims are also barred by the Rooker-Feldman doctrine because they are inextricably intertwined with the state court foreclosure action. In Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987), the Supreme Court explained that a federal claim is inextricably intertwined with a state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Id. at 25 (Marshall, J., concurring).

Here, the plaintiff's FDCPA claims are based on the underlying premise that BNY did not own the Note. A finding in favor of the plaintiff can only be made if the state court's foreclosure decision was wrong. Accordingly, I respectfully RECOMMEND that the Motions

8

be GRANTED insofar as they seek dismissal of the plaintiff's FDCPA claims as barred by the Rooker-Feldman doctrine.

### C. Equal Access to Justice Act

The plaintiff asserts a claim for damages under the Equal Access to Justice Act. *Complaint*, p. 12, ¶ 3. BNY seeks dismissal this claim because the Equal Access to Justice Act applies only in cases brought against the United States. *BNY Motion*, pp. 2, 11.

It appears that the plaintiff asserted this claim only as against defendant Anna Maria Peters-Ruddick. *Complaint*, ¶ 39. All claims against Ms. Peters-Ruddick have been dismissed without prejudice [Doc. #31]. However, to the extent the plaintiff is asserting the claim against any other defendant, he "concedes to the dropping of the Equal Access to Justice Claim." *First Supplemental Response*, p. 20.[3] Accordingly, I RECOMMEND that summary judgment enter in favor of the defendants on the plaintiff's claim pursuant to the Equal Access to Justice Act.

### IV. CONCLUSION

I respectfully RECOMMEND that the Motions be GRANTED and that (a) the plaintiff's claim for declaratory relief and his claim under the FDCPA be DISMISSED for lack of subject matter jurisdiction, and (b) judgment be entered in favor of the defendants on his claim pursuant to the Equal Access to Justice Act.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo*

---

[3]The First Supplemental Response contains arguments and exhibits which are not submitted in any organized fashion, and many of the pages are duplicates. The pages are not numbered. Therefore, I have utilized the pagination assigned by the Court's docketing system.

9

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 24, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge