IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00205-PAB-BNB

LESLIE ROUSSEAU,

Plaintiff,

v.

BANK OF NEW YORK,
BRYAN S. BLUM, Registration No. 34949, and
THE LAW FIRM OF CASTLE MEINHOLD & STAWIARSKI, LLC,

Defendants.
_____

**ORDER**
_____

This case was settled, see Order [Doc. # 80], and was dismissed with prejudice. Order of Dismissal With Prejudice [Doc. # 96, filed 3/30/2010]. Subsequently, the plaintiff, who is proceeding *pro se*, filed a Notice of Violation of Settlement Agreement [Doc. # 97, filed 4/14/2011] (the "Notice"). Construing the Notice liberally, I found that it "may be a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60"; I ordered the defendants to respond; and I set the matter for hearing on April 27, 2011. Minute Order [Doc. # 99, filed 4/18/2011].

At the hearing, the plaintiff raised three issues:

1.  Although the lienholder foreclosed on the property in October 2007, no Trustee's Deed or other evidence of the change of ownership has been recorded with the Clerk and Recorder, and the plaintiff is the record owner of the property;

2. As a consequence of his record title, the plaintiff has received notices from the City of Aurora and from the homeowners' association addressing the bad condition of the property and threatening the charge the plaintiff for the cost of abating the nuisance; and

3. On March 13, 2011, the plaintiff received from Bank of America a letter captioned "IMPORTANT INFORMATION ENCLOSED" (the "BofA Letter") and stating, among other things:

> **This notice is for informational purposes only**, and is not a request for payment or payoff.  The information contained in this disclosure reflects the terms of your original loan agreement, and does not represent a change to the terms of your loan.
>
> \* \* \*
>
> The amount listed below is the amount outstanding on the loan for prepayment of the indebtedness due under your mortgage.  This amount is good through 03/23/2011.  (The amount provided is subject to further accounting adjustments.  Also, any mortgage payments received or advances made by us before the stated expiration date will change the prepayment amount.)
>
> **PAYOFF AMOUNT: $351,973.55**

Notice [Doc. # 97] at pp. 5-6.

4. The defendants admit that the BofA Letter was sent in error and admit that the foreclosure occurred in October 2007.  They have no explanation for why the BofA Letter was sent or why no Trustee's Deed has been recorded evidencing the change of ownership.  The defendants admit that the payoff amount reflected in the Notice is not correct because it fails to reduce the amount owed by the bank's bid at the foreclosure sale and it includes interest, late fees, and other charges to the loan after the date of the foreclosure and for which the plaintiff would have no liability.  The defendants state, and the plaintiff does not dispute, that the settlement agreement did not release the deficiency (if any) between the amount owed at the time

of the foreclosure and the amount bid.  The defendants note, however, that this was a HUD insured loan and that in their experience no claim for deficiency normally is made.

Rule 60(b), Fed. R. Civ. P., provides that a court may relieve a party from a judgment or order for the following reasons:

>   (1)  mistake, inadvertence, surprise, or excusable neglect;
>
>   (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4)  the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Relief under subparts (1), (2), and (3) is not available here because the Notice was filed more than one year after entry of the judgment or order at issue.  See Fed. R. Civ. P. 60(c).  The plaintiff does not allege a basis for relief under subparts (4), (5), or (6).  No attempt to collect a deficiency has occurred, and the plaintiff has not suffered any actual damage as a result of the bank's failure to record documents evidencing its ownership of the property.  The plaintiff has failed to allege a breach of the settlement agreement or establish the jurisdiction of this court to consider whether there has been a breach.

IT IS ORDERED that insofar as the Notice [Doc. # 97] seeks relief, it is DENIED.

Dated April 29, 2011.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge